FILED
2017 Dec-14  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Civil Action:
**BONEYARD ACQUISITIONS LLC,**
    **PLAINTIFF,**

v.

**BIBB COUNTY, Airport Owner;**
**RICKY HUBBARD, Chairman of**
**Bibb County Commission, in his individual and official capacity; and MARK**
**TYNER, County Administrator, in his individual and official capacity;**
    **DEFENDANTS.**

___

**COMPLAINT**
___

**FEDERAL JURISDICTION**

The complaint which follows raises a federal question pursuant to 28 U.S.C. § 1331 because the Defendants' assert that the Plaintiff must give up the ownership of an easement pursuant to the law and/or regulations of Federal Aviation Administration, hereinafter, "FAA" and, if not, the Bibb County Airport will be in noncompliance with FAA grant monies extended to them, and additionally, will not be eligible for future grant money. Consequently, rather than engage in legal process to take the easement, assuming en arguendo, Bibb County's interpretation of the

FAA's regulations are adjudicated as correct, the County determined self-help to be a better strategy and constructed an obstacle across Plaintiff's easement.

The counts of the complaint which follow arise out of, were perpetrated, and have as their nexus Bibb County's insistence that the County is operating under the color of federal law and/or regulation.

Therefore, Plaintiff Boneyard Acquisitions, LLC., by and through his attorney, Ellis D. Bingham, III, allege as follows:

1. Plaintiff is a corporation duly organized under the laws of Alabama, and has a permit to do business in Alabama, with its principal office located at 134 Pam Ave. Centreville, Alabama in Bibb County, Alabama.

2. Defendant(s), Bibb County, Ricky Hubbard, Chairman of Bibb County Commission, and Mark E. Tyner, County Administrator are residents of Bibb County, Alabama.

3. On or about April 20, 2010, Defendant Bibb County, as owner of Bibb County Airport in Bibb County, Alabama, for valuable consideration, executed and delivered to and in favor of Plaintiff, a right-of-way agreement, hereinafter, "the easement" by which Defendant granted, to Plaintiff, a right-of-way to provide aircraft, pedestrian and vehicular ingress and egress taxiway, in, over, through and across a certain part of Defendant's property located and described as right of way "D", together with all necessary rights of ingress and egress to and from that premises for such purposes. A copy of the easement is attached as Exhibit *"A"*, and is incorporated by reference.

4. Comporting therewith, the easement to the taxiway was duly utilized and is still being used and maintained by Plaintiff, and all conditions necessary to keep the easement in full force and effect have been duly performed and complied with by Plaintiff.

5. Defendant Hubbard, as County Commissioner, represents on behalf of Bibb County, that the County was, and is, in violation of Federal Aviation Administration, hereinafter, "FAA", law and/or federal regulations regarding federal grant monies previously extended to Bibb County, as well as, the potential for future grant monies, because the easement of the Plaintiff was and, is not, permitted.

6. On or about June 15, 2017, while Plaintiff and Plaintiff's agents, servants, and employees, were engaged in the exercise of the rights granted to Plaintiff under the terms of the agreement and more particularly, were engaged in the use of the easement to the taxiway, when the Defendants in complete violation and disregard of defendants' duties and obligations, and of the contractual rights granted to Plaintiff under the terms of the agreement, directed that an obstruction built, hereinafter, "the trench," across the easement to prevent aircraft access to the airport's taxiway from the Plaintiff's hanger.

7. By their actions, Defendants have forbidden plaintiff its right of ingress and egress to and from the airport's runway.

8. The Plaintiff's business encompasses a large hanger within the airport's compound wherein the Plaintiff, garages, repairs and maintains commercial aircraft.

9. Those aircraft regularly transit the Bibb County Airport.

10. Obstruction of the easement has and is resulting in serious and material injury to plaintiff.

## COUNT I

## INJUNCTIVE RELIEF

11. Incorporating by reference the facts, allegations, and inferences stated in the preceding paragraphs, the Plaintiff alleges as follows:

12. The acts of Defendants constitute an interference by Defendants with a property right and with the contractual rights belonging to Plaintiff in the above-described premises.

13. Plaintiff is without an adequate legal remedy to enforce and protect its property right in the premises described above and if plaintiff is not permitted to exercise its right to peaceably enter on those premises and make use of the premises for the purposes provided for in the agreement with defendants, plaintiff will suffer irreparable injury, in that it has no other means of access to the public runway without creating a hazard to equipment , himself or others, or, or potentially running afoul of Federal Aviation Administration, hereinafter, "FAA" regulations, in the event of a mishap created as a result of Defendants' obstruction. It is not in the best interest of a public airport, nor its users, therefore to obstruct the easement to a taxiway that is utilized by the Plaintiff to provide aviation services.

WHEREFORE, Plaintiff requests that this court:

14. Grant plaintiff a temporary injunction pending final hearing, and later, a permanent injunction commanding defendants, and defendants' agents, servants, and employees, to refrain from, either directly or indirectly, interfering with the right of ingress and egress of plaintiff, its agents, servants, and employees, to and from the right-of-way across the above-described premises and from interfering with plaintiff, its agents, servants, and employees.

15. Grant plaintiff such other and further relief to which plaintiff may show itself entitled.

## COUNT II

## CONVERSION

16. Incorporating by reference the facts, allegations, and inferences from the preceding count the Plaintiff alleges as follows:

17. The Defendants, Bibb County, Hubbard, and Tyner constructed the trench across the easement preventing the Plaintiff from taxing aircraft from Plaintiff's hanger to the runway.

18. The Defendants have converted the easement of the Plaintiff to their own use by claiming the FAA has mandated that the easement be extinguished in order to receive continuing grants.

19. Thus the Plaintiff is forced to move expensive aircraft to include jets and multi-engine aircraft around the barrier on a grass surface at a considerable expense in time, manpower, and money.

WHEREFORE, Plaintiff requests that this court:

20. Award the Plaintiff the sum of $18,095.00 in current compensatory damages with leave to amend for ongoing and future damages, plus interest, plus the cost of suit and Plaintiff's attorney fees.

21. Grant such other relief that Plaintiff is entitled.

## COUNT III

### MISREPRESENTION

22. Incorporating by reference the facts, allegations, and inferences from the preceding counts the Plaintiff alleges as follows:

23. As lawful authority for its actions the Defendants have declared that the FAA has mandated that the easement must be extinguished pursuant to FAA regulation and/or requirement in order for the county airport to continue participation in grant program(s).

24. The Defendant has further, declared that in the stead of an easement the Plaintiff must accept a "Through the Fence Agreement", hereinafter, "TTF" pursuant to the FAA's instructions to the Defendant(s).

25. The afore-stated declaration is a misrepresentation, there is no federal regulation and/or requirement that prohibits an easement of the nature and sort of the Plaintiff's in order for the airport to continue participating in, or invalidating previous grant program(s).

WHEREFORE, Plaintiff requests that this court:

26. Award the Plaintiff the sum of $18,095.00 in current compensatory damages with leave to amend for ongoing and future damages, plus interest, plus the cost of suit and Plaintiff's attorney fees.

27. Grant such other relief that Plaintiff is entitled.

### COUNT IV

### TRESPASS

28. Incorporating by reference the facts, allegations, and inferences from the preceding and following counts the Plaintiff alleges as follows:

29. The Defendants, Bibb County, Ricky Hubbard, and Mark Tyner, severally or jointly, conspired, agreed to, and ordered the construction of the trench.

30. Their acts jointly and/or severally are ultra vires and constitute a trespass upon those rights the easement grants to the Plaintiff.

WHEREFORE, Plaintiff requests that this court:

31. Award the Plaintiff the sum of $18,095.00 in current compensatory damages with leave to amend for ongoing and future damages, plus interest, plus the cost of suit and Plaintiff's attorney fees., plus the cost of suit and Plaintiff's attorney fees.

32. Grant such other relief that Plaintiff is entitled.

## COUNT V

## ABUSE OF PROCESS

33. On or about March 2016, Defendants Hubbard and Tyner attempted to order the Bibb County Sheriff's office and the Centerville Police Department to arrest the Plaintiff or its' employees and/or contractors for trespass on Plaintiff's own easement.

34. Defendants Hubbard and Tyner claimed to the police that an arrest of the Plaintiff and/or his servants for trespass for Plaintiff's use of his own easement was a lawful act.

35. The aforementioned Defendants were without authority or probable cause to either order and/or request the arrest.

36. The Defendants' actions in this regard were communicated by the Defendants' as a threat of arrest.

37. Both the Sheriff of Bibb County and the Chief of Police of Centerville subsequently refused the order finding it to be unlawful.

38. The threat of arrest was communicated to the Plaintiff prior to either the Sheriff or Police finding the order unlawful.

39. Both the order /request to law enforcement and the threat of arrest communicated to the Plaintiff are ultra vires, and taken together or separately, constitute an abuse of process under the color of federal and state law.

40. Thus, the Plaintiff was made to suffer embarrassment, pain, humiliation, and emotional distress.

WHEREFORE, Plaintiff requests that this court:

41. Award the Plaintiff the sum of $18,095.00 in current compensatory damages with leave to amend for ongoing and future damages, plus interest, plus the cost of suit and Plaintiff's attorney fees.

42. Award the Plaintiff the sum of $50,000.00 in punitive damages.

## COUNT VI

## FRAUD

43. On or about November 15, 2017, the Alabama Department of Transportation found Defendant, Bibb County in violation of compliance with the rules and regulations of the Alabama Department of Transportation. See Attached Exhibit "B." Annual Inspection Report.

44. Specifically, the inspectors noticed the obstruction cut into the taxiway safety area across the easement of the Plaintiff.

45. The obstruction, or "trench" as noted in the inspection report, was, according to the report published on 20 November 2017, removed.

46. The trench was never removed, contrary to the report.

47. Defendant(s) representation to the Alabama Department of Transportation, hereinafter, "ADOT" that the trench was removed is a fabrication.

48. As a result, the Alabama Department of Transportation stated page 9 that the trench was "removed." See, page 9, Inspection Report.

49. The inspection found the trench a safety hazard.

50. Defendant(s) made this representation to ADOT in order that it be relied upon to meet the requirements for the airport's operating license.

51. The fraud directly impacts the use, safety, and well-being of the Plaintiff, his employees, and the aircraft under Plaintiff's responsibility.

WHEREFORE, Plaintiff requests that this court:

52. Award the Plaintiff the sum of $18,095.00 in current compensatory damages with leave to amend for ongoing and future damages, plus interest, plus the cost of suit and Plaintiff's attorney fees. Award the Plaintiff the sum of 50,000.00 in punitive damages.

53. Grant such other relief that Plaintiff is entitled.

Respectfully submitted,

s/Ellis D. Bingham, III
Ellis D. Bingham III
Bar Number: 6276-M62E
Attorney for Plaintiff
218 16th Street North
Birmingham, AL 35020
Tel: (205) 424-5550
Fax: (205) 424-5551
Email: binghamatlaw@gmail.com