IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BONEYARD ACQUISITIONS LLC,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:17-cv-02090-UJB-KOB |
| ] | |
| **BIBB COUNTY, et al.** ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 4). The court WILL DISMISS the complaint because the case does not involve a substantial question of federal law.

Plaintiff Boneyard Acquisitions is a corporation that "garages, repairs and maintains commercial aircraft." (Doc. 1 at 3). Defendants are Bibb County, Chairman of the Bibb County Commission Ricky Hubbard, and Bibb County Administrator Mark Tyner. (*Id.* at 2). Plaintiff alleges that in 2010, the Bibb County Airport, which Bibb County owns, granted Plaintiff an easement to provide aircrafts access to the airport from Plaintiff's hanger. (*Id.* at 2–3). But although Plaintiff has satisfied all the conditions necessary to keep the easement in effect, on June 15, 2017, Defendants constructed a trench across the easement to prevent aircraft access to the airport. (*Id.* at 3).

According to Plaintiff, Defendants explained that they constructed the trench because the Federal Aviation Administration "mandated that the easement must be extinguished pursuant to [Federal Aviation Administration] regulation and/or requirement," and failure to comply with those laws and/or regulations risked past and future federal grant monies. (*Id.* at 3, 5–6).

Plaintiff alleges that no such law or regulation actually exists. (*Id.* at 6). Plaintiff brings claims for (1) injunctive relief; (2) conversion; (3) misrepresentation; (4) trespass; (5) abuse of process; and (6) fraud. (*Id.* at 4–10).

Defendants move to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 4). They contend that all of Plaintiff's claims stem from state law, with only a vague assertion that Federal Aviation Administration regulations are involved. (Doc. 5 at 2–3). Plaintiff responds that all but one of its claims arise from Defendants' invocation of Federal Aviation Administration regulations to justify their actions. (Doc. 7 at 1).

Federal Rule of Civil Procedure 12(b)(1) permits a district court to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). In this case, Defendants make only a facial attack on the court's jurisdiction, which means that the court, accepting as true the factual allegations in the complaint, merely looks to see "if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 1232–33 (quotation marks, citation, and alterations omitted).

Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, "a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The case may also arise under federal law if "the right to relief under state law requires resolution of a *substantial* question of federal law in dispute between the parties." *Id.* (quotation marks omitted) (emphasis added). "[T]he mere presence of a federal issue in a state cause of

action" is not substantial and does not confer subject matter jurisdiction on the court. *Id.* (quotation marks omitted).

Plaintiff's complaint does not give rise to federal question jurisdiction. All of Plaintiff's claims—conversion, misrepresentation, trespass, abuse of process, and fraud—are state law causes of action. (*See* Doc. 1 at 4–10). And although Plaintiff alleges that Defendants' misunderstanding or misrepresentation of federal law led them to take the wrongful actions that gave rise to those causes of action, such an allegation does not raise a substantial federal issue. *Cf. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is not enough [to confer federal question jurisdiction] that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). Nor do Plaintiff's state law claims depend on the construction of federal law. *Cf. Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921) ("[W]here it appears from the [complaint] that the right to relief *depends upon* the construction or application of the Constitution or laws of the United States . . . the District Court has jurisdiction . . . .") (emphasis added).

Because this court lacks jurisdiction over Plaintiff's complaint, the court WILL DISMISS WITHOUT PREJUDICE the complaint. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 20th day of March, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE